HENRY STEUBING, Respondent, *v.* THE NEW YORK ELEVATED
RAILROAD COMPANY et al., Appellants.

Proper practice requires that a request to find either facts or law should
be plainly stated in a single proposition, the whole of which can be
granted or refused.

Where a request to find embraces several propositions, some of which
the party making the request is entitled to have found and some not,
a refusal of the request as a whole is not error.

(Argued June 9, 1893; decided June 20, 1893.)

APPEAL from judgment of the General Term of the Supreme
Court in the first judicial department, entered upon an order
made June 3, 1892, which affirmed a judgment in favor of
plaintiff, entered upon the report of a referee.

This was an action by an abutting owner of property on
Third avenue in the city of New York, to restrain the opera-
tion and maintenance by defendants of their road in said
street and for damages.

The following is the opinion in full:

" The complaint in this action, which is in the usual form
for such actions by abutting owners against the elevated rail-
road companies, relates to two lots, numbers 900 and 902 on
Third avenue. The referee awarded for number 900 rental
damages $2,160 and fee damages $2,600; and for lot 902 no
rental damage and fee damages $2,600. The defendants' sole
complaint now is that the referee erroneously refused to make
certain findings of facts and law requested by their counsel,
and the following requests to find facts are specified:

" ' *Fifteenth.* The easements, if any, appurtenant to the land
described in the complaint, and taken for the said railway
uses, aside from any damage to said land from the said taking,
have in themselves only a nominal value.'

" ' *Thirty-first.* The presence of defendants' railway and sta-
tion, at Fifty-third Street, brings a large number of persons
daily into Third Avenue in the immediate neighborhood of the
premises in suit, and increases the traffic in and upon said
avenue at this point. Said premises would not be worth as
much as they are now had the said railway station not been
built.'

"'*Thirty-second.* The existence of said station and railway, and the maintenance and operation of the same, have rendered the premises in suit accessible to other parts of the city of New York. Said premises would not be worth as much as they now are were said railway and station removed.'

"'*Thirty-third.* The effects of the proximity of defendant's station at Third Avenue and Fifty-third Street to the premises in suit is advantageous to the business portion of said premises, and produces a special benefit to the same for business uses.'

"'*Thirty-fourth.* The special benefits accruing to the business portion of said premises from said railroad station, are equal to and offset any disadvantage to the dwelling apartments in said premises accruing from the maintenance and operation of said railroad.'

" And our attention is called to the refusals of the following findings of law requested :

"'*Tenth.* The damages, if any, to the use of the premises included in any recovery in this action, should be computed with respect to the actual condition of said premises, and the uses to which the same have actually been put during the period for which said damages, if any, are awarded.'

"'*Eleventh.* In estimating damages, if any herein, the benefits accruing to said premises, and peculiar thereto, from the maintenance and operation of said railway, should be set off against any inconveniences resulting from said railway to said premises.'

"'*Fifteenth.* The defendants should not be required to pay for the easements in question, as a condition of avoiding the operation of any injunction herein, any greater sum than one sufficient to compensate plaintiff for the injuries caused by the perpetual taking of the easements aforesaid for the maintenance of defendants' railway, as at present maintained.'

"'*Sixteenth.* The sum fixed which the defendants may pay to obviate the injunction herein should not be greater than the value of so much of the easements of light, air and access appurtenant to plaintiff's premises as are impaired by the defendants' railroad ; and excluding all other incidental injuries to the fee value of said premises resulting from the acts of the defendants.'

" The fifteenth finding of fact requested should have been found, as we have held in several recent cases. But in order to determine whether any prejudicial error was committed by the refusal to make the finding we must examine and consider all the findings of facts, among which are the following :

" ' *Thirty-first.* By reason of the construction, maintenance and operation of the said railroad opposite to the said described premises No. 900 Third Avenue, the plaintiff has sustained damages in loss of rentals from the 6th day of June, 1884, to the sixth day of June, 1890 (the date of the commencement of this action), in the sum of twenty-one hundred and sixty dollars.'

" ' *Thirty second.* The permanent or fee value of the said premises No. 900 Third Avenue, has been diminished by the construction and maintenance of said railroad opposite to the said premises to the extent of twenty-six hundred dollars.'

" ' *Thirty-third.* The permanent or fee value of the said described premises No. 902 Third Avenue, has been diminished by the construction and maintenance of said railroad opposite to the said premises to the extent of twenty-six hundred dollars.'

" These findings show that no allowance was made for the easements as detached property, but that the entire amount for the fee damages was for consequential damages to the lots, and the proper rule of law appears to have been applied.

" The thirty-first finding of fact was properly refused, if for no other reason, on account of the last clause contained therein, to wit, ' said premises would not be worth as much as they are now had the railway station not been built.' The referee could properly refuse to find this, as there was abundant evidence tending to show that the value of the premises was not increased on account of the construction and maintenance of the elevated railroad. It may be that, the railroad being there, the existence of the station lessened the damage to the plaintiff's premises. But the effect of the station was merely one of the facts to be considered by the referee in making his determination as to the damages. It was not vital or controlling ; it was mere evidence as to which he was not bound to make a finding. It does not appear that he did not give due weight to the proximity of the station.

" A practice seems to have grown up in this class of cases which must be somewhat embarrassing to the trial courts. The defendants made forty-seven requests to find facts and twenty-four to find conclusions of law, and requested the referee, if he refused to find the facts as requested, to find the same matters as conclusions of law, and if he refused to find the law as requested to find the same matters as facts. This is not all. They stated that ' each sentence of each proposed finding is prepared separately as if separately numbered.' This is a practice not to be tolerated. The large number of requests are generally quite embarrassing to the courts. But when the same matter is requested to be found both as facts and law, it duplicates all the specific findings requested, and the number is .still largely increased when every sentence is also requested to be found both as fact and law. Such a practice is not needful for the protection of the rights of any party, and the tendency must be to ensnare the trial judge and frequently to defeat the ends of justice by introducing mistakes, confusion and uncertainty into the records of cases brought up for review. Proper practice requires that a request to find either facts or law should be plainly stated in a single proposition, the whole of which can be granted or refused, and any modification of the requested finding should be left to the discretion of the trial judge. But as to the thirty-first finding of fact requested the referee refused it as a whole, and the defendants excepted to the refusal as a whole, and hence they cannot complain of error unless the entire request as a whole was proper ; and that it was not we think has been shown.

" The thirty-second finding of fact requested was properly refused. The first sentence thereof is a mere statement of evidence not disputed or disputable which the referee was not bound to find, and the last sentence does not rest upon undisputed evidence. Therefore, the referee for reasons above given was not bound to make the finding.

" As to the thirty-third request, it may be said that the effect of the proximity of the station to the plaintiff's lots was not the subject of inquiry. The matter to be determined was the effect upon the plaintiff's lots of the construction and main-

tenance of the railroad in front of the lots, and in determining that the referee was bound to take into consideration the proximity of the station and all the other facts bearing upon the matter. It cannot be perceived that any harmful error was committed in refusing this request.

" The thirty-fourth request was not founded upon undisputed evidence, and the referee could properly upon the evidence refuse it.

" As to the tenth, eleventh, fifteenth and sixteenth requests for findings of law, it is sufficient to say that it is obvious from the findings actually made that the law was applied as requested, and that the damages awarded appear to have been estimated upon the proper basis.

" There is considerable difficulty attending the trial of this class of cases, and a judgment should not be reversed if upon the whole record we can see that no harmful error was committed, and that the proper principles of law were not misapprehended or misapplied.

" The judgment should be affirmed, with costs."

*Arthur O. Townsend* for appellants.

*Henry G. Atwater* for respondent.

EARL, J., reads for affirmance.
All concur.
Judgment affirmed.